IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED: AUGUST 27, 2008
08CV4908
JUDGE GRADY
MAGISTRATE JUDGE SCHENKIER
AO

| | |
|---|---|
| BRANT W. SCOTT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Cause No: _____ |
| ) | |
| BNSF RAILWAY COMPANY ) | |
| ) | **JURY TRIAL DEMANDED** |
| SERVE: ) | |
|     CT Corporation System ) | |
|     Registered Agent ) | |
|     208 S. LaSalle St., Suite 814 ) | **CLERK TO ISSUE SUMMONS** |
|     Chicago, IL 60604 ) | |
| ) | |
|     and ) | |
| ) | |
| COMMONWEALTH EDISON CO. ) | |
| a/k/a COMED ) | |
| ) | |
| SERVE: ) | |
|     Veronica Gomez ) | |
|     Registered Agent ) | |
|     10 S. Dearborn St., 49th Floor ) | |
|     Chicago, IL 60603 ) | |
| ) | |
|     and ) | |
| ) | |
| EXELON CORPORATION ) | |
| ) | |
| SERVE: ) | |
|     Veronica Gomez ) | |
|     Registered Agent ) | |
|     10 S. Dearborn St., 49th Floor ) | |
|     Chicago, IL 60603 ) | |
| ) | |
|     Defendants. ) | |

# COMPLAINT

COMES NOW Plaintiff, Brant W. Scott, by and through his attorneys, Holland, Groves, Schneller & Stolze, L.L.C. and Cooney & Conway, and for his cause of action against the Defendants, BNSF Railway Company, Commonwealth Edison Company, and Exelon Corporation, states:

## FACTS COMMON TO ALL COUNTS

1. Defendant, BNSF Railway Company, is now and was at all times hereinafter mentioned a railroad corporation duly organized and existing according to law to engage in, and was engaged in, business as a common carrier in interstate commerce between the several states of the United States.

2. At all times hereinafter mentioned, Plaintiff and Defendant BNSF Railway Company, were employed and engaged in interstate commerce and by reason thereof their mutual and respective rights and liabilities were governed by a certain Act of Congress, known as the Federal Employer's Liability Act (FELA), 45 U.S.C. §§ 51-60.

3. That at all times relevant herein, Plaintiff Brant W. Scott, was employed by the Defendant, BNSF Railway Company, in the transportation department as a brakeman, switchman and/or conductor, and that his work substantially affected interstate commerce.

4. That this Honorable Court has jurisdiction and that this action is properly venued in this Court under the FELA.

5.　　At all times relevant herein, including the present, Defendant BNSF Railway Company registered agent for service of process is located in the County of Cook, State of Illinois and it operates trains, owns tracks, offices and yards and other property in the counties comprising the Northern District of Illinois. That Defendant owns, operates and controls a railroad running between the Northern District of Illinois and other states in the United States.

6.　　Defendant Commonwealth Edison Company is and was at all times relevant an Illinois corporation with its headquarters and an agent for service of process in the County of Cook, State of Illinois. This court has jurisdiction over the claims against Scenic Stage Line pursuant to 28 U.S.C. § 1367(a) as the claims are so related that they form part of the same case or controversy.

7.　　Defendant Exelon Corporation is and was at all times relevant a Delaware corporation with its headquarters and an agent for service of process in the County of Cook, State of Illinois. This court has jurisdiction over the claims against Scenic Stage Line pursuant to 28 U.S.C. § 1367(a) as the claims are so related that they form part of the same case or controversy.

8.　　The BNSF Railway Company has an express or implied contract with one or more of the Defendants to switch cars in and out of the tracks at the Defendant(s)' plant.

## COUNT I - FEDERAL EMPLOYER'S LIABILITY ACT

COMES NOW Plaintiff, Brant W. Scott, by and through his attorneys, Holland, Groves, Schneller & Stolze, L.L.C. and Cooney & Conway, and for Count I of his cause of action against Defendant, BNSF Railway Company, states:

9. Plaintiff hereby re-alleges by reference Paragraphs 1 through 8 of his Complaint as if stated fully herein.

10. That Defendant BNSF Railway uses a device called a "derail" in the course of its business. A derail is placed on the track to deliberately run a locomotive engine or railcar off the rails onto the ground.

11. That Plaintiff Brant W. Scott was in the process of "throwing" or moving the handle of the derail from the "open" or off position to the derail position when the derail malfunctioned or was otherwise allowed to disconnect from the railroad ties.

12. That the disconnecting of the derail from the railroad ties violently jerked the arm of Plaintiff Brant W. Scott's causing his injuries.

13. Plaintiff states that his injuries and damages resulted in whole or in part from the negligent acts or omissions of the Defendant and/or its agents in one or more of the following particulars:

    a) Defendant failed to provide Plaintiff with a reasonably safe place to work;

    b) Defendant failed to provide reasonably safe conditions for work;

    c) Defendant failed to provide reasonably safe methods of work;

d)   Defendant failed to provide reasonably safe equipment or tools for work;

e)   Defendant failed to adequately inspect or maintain the derail;

f)   Defendant failed to adequately inspect or maintain the derail stand; or

g)   Defendant failed to adequately inspect or maintain the track, including but not limited to the ties, spikes, and rail that the derail was attached to;

14.   As a result of the aforementioned conduct of the Defendant, Plaintiff was caused to suffer the following serious, painful, and permanent injuries, to-wit: Plaintiff suffered injuries to his shoulder and arm, and the nerves, ligaments, soft tissues and adjacent structures; Plaintiff suffered and will continue to suffer mental anguish; Plaintiff was caused to undergo medical treatment, tests, therapy, x-rays, and will require future medical treatment; Plaintiff has lost wages, fringe benefits and will in the future lose further such wages and fringe benefits; Plaintiff has expended or obligated himself for necessary and reasonable medical expenses and hospital care and will in the future be caused to expend further such sums for medical treatment. Plaintiff has suffered pain and suffering and will in the future have pain and suffering as a result of Defendant's negligence. Plaintiff's ability to work, labor, and enjoy the normal pursuits of life has been impaired and lessened all to Plaintiff's damage.

WHEREFORE, Plaintiff, Brant W. Scott, prays for Judgment against the Defendant, BNSF Railway Company, for a sum fair and reasonable under the circumstances together with his costs herein expended and for such other and further

relief as the court may deem just and proper.

**PLAINTIFF DEMANDS TRIAL BY JURY**

**CLERK TO ISSUE SUMMONS ACCORDING TO LAW**

### COUNT II - NEGLIGENCE

COMES NOW Plaintiff, Brant W. Scott, by and through his attorneys, and for Count II of his cause of action against Defendants Commonwealth Edison Company and Exelon Corporation, states:

15.     Plaintiff hereby re-alleges by reference Paragraphs 1 through 8 of his Complaint as if stated fully herein.

16.     Defendants Commonwealth Edison Company and/or Exelon Corporation own, operate and/or is responsible for maintaining certain property containing a railroad spur that services their plant.

17.     That the defendants have a duty to maintain a device called a "derail" in the course of its business.  A derail is placed on the track to deliberately run a locomotive engine or railcar off the rails onto the ground.

18.     That Plaintiff Brant W. Scott was on said property performing work for his employer, Defendant BNSF Railway Company, when during the process of "throwing" or moving the handle of the derail from the "open" or off position to the derail position, the derail malfunctioned or was otherwise allowed to disconnect from the railroad ties.

19.     That the disconnecting of the derail from the railroad ties violently jerked the arm of Plaintiff Brant W. Scott's causing his injuries.

20.     Plaintiff states that his injuries and damages resulted in whole or in part from the negligent acts or omissions of the Defendant and/or its agents in one or more of the following particulars:

a)   Defendant failed to provide Plaintiff with a reasonably safe place to work;

b)   Defendant failed to provide reasonably safe conditions for work;

c)   Defendant failed to provide reasonably safe methods of work;

d)   Defendant failed to provide reasonably safe equipment or tools for work;

e)   Defendant failed to adequately inspect or maintain the derail;

f)   Defendant failed to adequately inspect or maintain the derail stand; or

g)   Defendant failed to adequately inspect or maintain the track, including but not limited to the ties, spikes, and rail that the derail was attached to;

21.     As a result of the aforementioned conduct of the Defendant, Plaintiff was caused to suffer the following serious, painful, and permanent injuries, to-wit: Plaintiff suffered injuries to his shoulder and arm, and the nerves, ligaments, soft tissues and adjacent structures; Plaintiff suffered and will continue to suffer mental anguish; Plaintiff was caused to undergo medical treatment, tests, therapy, x-rays, and will require future medical treatment; Plaintiff has lost wages, fringe benefits and will in the future lose further such wages and fringe benefits; Plaintiff has expended or obligated himself for

necessary and reasonable medical expenses and hospital care and will in the future be caused to expend further such sums for medical treatment. Plaintiff has suffered pain and suffering and will in the future have pain and suffering as a result of Defendant's negligence. Plaintiff's ability to work, labor, and enjoy the normal pursuits of life has been impaired and lessened all to Plaintiff's damage.

WHEREFORE, Plaintiff, Brant W. Scott, prays for Judgment against the Defendant, BNSF Railway Company, for a sum fair and reasonable under the circumstances together with his costs herein expended and for such other and further relief as the court may deem just and proper.

**PLAINTIFF DEMANDS TRIAL BY JURY**

**CLERK TO ISSUE SUMMONS ACCORDING TO LAW**

HOLLAND, GROVES, SCHNELLER & STOLZE, L.L.C.

  /s/ Ryan M. Furniss
RYAN M. FURNISS #6282915
300 N. Tucker, Suite 801
St. Louis, Missouri 63101
rfurniss@allfela.com
(314) 241-8111
(314) 241-5554 (fax)

and

COONEY & CONWAY

Robert J. Cooney, Jr.
Michael Lubeck
120 N. LaSalle, Suite 3000
Chicago, IL 60602

**Attorneys for Plaintiff**